Davis v. David.

## DAVIS v. DAVID.

The maker of a note acknowledges the name of the payee as set forth in the
note, and in an action on the note, is estopped from setting up that such is not
his proper name.

The omission to set out the proper name of a party, can only be taken advan-
tage of by a plea in abatement, unless the defect appears of record.

### ERROR, to Jefferson District Court.

This was an action of assumpsit commenced in the name
of "A. J. Davis," as the payee of a note against the maker,
and dismissed on motion in the court below, because the
plaintiff was not described by any Christian name.

*C. W. Slagle* and *Geo. Acheson*, for the plaintiff in error.
This cause was decided in the court below, on a motion filed
by defendant in error to dismiss the suit, on the ground that

the plaintiff is not in the writ or summons described by any Christian name. The suit, as appears from the record, was commenced on a promissory note which reads: " $32.98. Due A. J. Davis or order, thirty-two dollars and ninety-eight cents, with interest at ten per cent., until paid, for value received this 15th of Sept. 1846.

(Signed)        CHARLES DAVID."

And the only questions raised in the court below on which this court is called upon to decide, are whether—

1. A plaintiff may make his legal demand for payment, under the very name by which the credit was given.

2. Whether a misnomer of plaintiff can be taken advantage of in any other way than by plea in abatement.

1st. We think the decision of the supreme court of the territory of Iowa, in the case of *Johnson* v. *Smith*, Morris, 105, equally applicable to individual persons or partnerships. The court there say, that though the courts were formerly fastidious in requiring the names of partners to be particularly set forth and proved, such a rule had been continually undergoing modifications, in order to encourage and facilitate the operations of trade; and they consequently there lay down the rule to " permit the plaintiff to make his legal demand for payment under the very name by which the credit was given." To the equity of this rule there can be no objection. A recovery under such name would certainly be an effectual bar to any subsequent suit. In the case before us, the credit was given in the very name in which suit is brought. The suit is brought upon a note signed by defendant, in which he himself has christened the plaintiff by the name used in his suit. Surely no surprise or injury can then come to defendant by being sued in this name.

2d. The objection in this case comes up on motion, " that the plaintiff is not described by any Christian name." This is not a plea in abatement. It does not give the plaintiff a better writ, neither is it sworn to. Our statute on abatements requires that such pleas, unless to the jurisdiction of

Davis *v.* David.

the court, or where their truth appears of record, shall be verified by affidavit. " A misnomer of the plaintiff can only be pleaded in abatement, and was no ground for setting aside the proceedings, or for motion in arrest of judgment, or of nonsuit at the trial." 1 Chit. Pl. 281.

*Charles Negus,* for the defendant. The court was right in dismissing the suit, for the reason that the plaintiff did not sue by any given name, but by the initials of a name. *Rev. Stat.* p. 454, § 9, gives to companies the right to sue in a company name, but the statute does not reach this case; and by the common law the plaintiff must sue in his own proper name.

In suits brought before justices of the peace, the statute does not require any pleading, and it is only necessary to bring the defects there may be in the proceedings to the notice of the court, by motions or otherwise.

*Opinion by* HASTINGS, C. J. The court below sustained the defendant's motion to dismiss the suit, for the reason that plaintiff did not set out his full given name in the process.

The defendant acknowledged the name of the plaintiff to be as described in the process, by his signature to the note, and is thereby estopped from setting up that such is not his proper name and description.

An omission to set out the proper name of a party, can only be taken advantage of by plea in abatement, unless such omission appear of record.

The defendant's motion then ought not to have been sustained; and the judgment is reversed and cause remanded.

Judgment reversed.